UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
<u>FAYETTEVILLE</u> DIVISION

5:25-BK-70455
CHAPTER 11

IN RE:         SHINE SOLAR, LLC,                    DEBTOR IN POSSESSION

<u>MOTION TO USE CASH COLLATERAL &</u>
<u>NOTICE OF OPPORTUNITY TO OBJECT</u>

COMES NOW THE DEBTOR IN POSSESSION ("Debtor"), and for its Motion states:

1.      That this court has jurisdiction over this core-proceeding matter, and venue is proper in this district and division pursuant to 28 USC §§157 and 1334, 11 USC §363, and Rules 4001 and 9014 FRBP apply to this motion.

2A.     The Debtor commenced its voluntary Chapter 11 case on 17th March 2025.  The Debtor's case has not been dismissed or converted since that time and the Debtor remains as Debtor in Possession.  Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to manage and operate its business and financial affairs.  No creditor's committee has been appointed in the case.

2B.     The Debtor previously engaged in the business of residential solar panel sales, installation and servicing, and home battery sales and installation, as well as limited HVAC sales and installation and related activities.  The Debtor's remaining business affairs during the pendency of this liquidation include completing remaining installations, collecting outstanding funds owed to the Debtor, winding up its affairs, and liquidating assets pursuant to its plan of liquidation.

3A.     The Debtor owns certain personal property used in the operation of its business with liens in favor of Bank of America ("BOA" or "Lender") as identified in Schedules D to its Voluntary Petition that is incorporated by reference herein.  In addition to the personal property, the Debtor has given Bank of America a lien in the Debtor's cash, accounts, and accounts receivable (collectively, the "Collateral").

3B.     The Debtor's remaining business operations produce revenue.  The revenues are property of the Bankruptcy Estate and are necessary for the operation of the Debtor's remaining business and the winding up of its financial affairs.

4A. The Debtor gave a Promissory Note and a Security Agreement to BOA pre-petition (the "Debtor's Obligations").

4B. The revenue produced by the Debtor's remaining operations is part of the Collateral and constitutes cash collateral under the Debtor's Obligations.

4C. It is believed by the Debtor that the Debtor's Obligations to BOA remain obligations between the Debtor and Lender and that the Debtor's Obligations have not been assigned, sold, or otherwise transferred by BOA to a third party.

5. The Debtor seeks authorization to continue to use the cash collateral. Such use, when authorized, will remain in force and effect until the confirmation of a subsequently proposed Chapter 11 Liquidation Plan or until the case is converted to a case under Chapter 7 or is dismissed.

6A. The Debtor proposes to pay BOA adequate protection for the use of the cash collateral under the following formula:

```
The greater of $37,000.00 or 2.04% of gross receipts for
the month prior to the month of payment.¹
```

6B. The adequate protection payment shall commence on or before the last day in the first full month after an order is entered granting this Motion or as otherwise ordered by the court and shall continue monthly thereafter on or before the 21st day of each succeeding calendar month until the confirmation of a subsequently proposed Chapter 11 Plan, or until the case is converted to a case under chapter 7 or is dismissed.

6C. As adequate protection and in consideration for BOA's agreement to use cash collateral, BOA will have a post-petition replacement lien on the same type of collateral as described in the BOA loan and security documents that form the Debtor's Obligations, with the same priority as the pre-petition lien of BOA.

6D. As additional adequate protection the Debtor will insure the tangible personal property Collateral.

6E. In the event of conversion of the case to a case under Chapter 7, any monies held by the Debtor on the date of conversion shall continue to be cash collateral subject to the interests of BOA as defined herein.

---

[1] The Debtor's Obligations include a variable interest rate on the principal. The rate of interest is determined by the BSBY Daily Rate plus 2.4%. The BSBY Daily Rate ceased publication in November 2024. The note with Bank of America gives no alternative rate reference. The adequate protection payment shall be a principal and interest payment, but the interest rate will be fixed at the extinct BSBY Daily Rate of 0% plus 2.4%.

6F. Within 7 days of the entry of an order approving this Motion, BOA shall designate a payment address or wire or ACH information for the receipt of the adequate protection payments and shall inform the Debtor through counsel with at least 14 days' notice of any changes to the payment receipt information.

7. The Debtor proposes to account monthly for the collection and expenditure of the cash collateral via the required monthly operating reporting pursuant to the regulations of the Office of the United States Trustee.

8. Lender is not entitled to be a custodian or trustee of the estate property and has no claim to property or right to possess or withhold the property from the estate.

9. Allowing the Debtor to continue the use of the cash collateral is in the best interest of all creditors and interested parties and the estate.

10. Because of this ongoing Chapter 11 proceeding, the Debtor is entitled to the continued and permitted use of all collateral including collateral constituting "cash collateral" as contemplated by Debtor's Obligations and within the scope of 11 USC §363 *et seq.*, such use being limited in scope, namely for the purposes of day-to-day operations, payment of utilities, payment of employees, payment of insurance premiums, payment of property taxes, administrative costs of the bankruptcy case including approved attorney and other professional fees and administrative costs, and other goods and services essential to the operation of the Debtor's business.

11. The Debtor requires the cash collateral to operate its business.

12. Pursuant to Rule 4001(b)(1)(A) the Debtor has attached a proposed form of order.

13. The Debtor affirmatively states that the adequate protection herein proposed is adequate protection for the interests of Bank of America in the Collateral and the revenues generated by the operations of the Debtor.

14. Notice is hereby given that the Debtor will use cash collateral in accord with the terms of this Motion pending further orders of the court.

WHEREFORE, the Debtor prays for an order authorizing use of cash collateral as set forth herein and for all other just and proper relief.

**SHINE SOLAR, LLC,** **DEBTOR IN POSSESSION**

**BOND LAW OFFICE**

By:     */s/ Stanley V Bond*
            Stanley V Bond     93034
            PO Box 1893
            Fayetteville, AR  72702-1893
            (V) 479.444.0255
            (F) 479.235.2827
            E-mail: attybond@me.com

**NOTICE OF OPPORTUNITY TO OBJECT**

Notice is hereby given that the Debtors, as Debtors in Possession, have filed the foregoing MOTION TO USE CASH COLLATERAL.

If you have an objection to the entry of an order allowing the use of cash collateral, you may file an objection within twenty-one (21) days of the date of this notice that is written below.  If any objections are received in the time allowed such objections will be set for hearing by subsequent notice.  If no objections are received in the time allowed, the court may enter an order granting the motion without further notice or hearing.

Any objection must be in writing and filed with the Clerk, United States Bankruptcy Court, 35 East Mountain Street, Room 316, Fayetteville, AR 72701.  A copy must also be served on the attorneys named below.

**THIS NOTICE IS DATED:    17TH MARCH  2025**

**BOND LAW OFFICE**

By:     */s/ Stanley V Bond*
            Stanley V Bond     93034
            PO Box 1893
            Fayetteville, AR  72702-1893
            (V) 479.444.0255
            (F) 479.235.2827
            E-mail: attybond@me.com

**CERTIFICATE OF SERVICE**

I, Stanley V Bond, do hereby certify that a copy of the foregoing document has been served by first-class mail and/or fax and/or e-mail on the following persons or entities pursuant to the Federal Rules of Bankruptcy Procedure:

*US Trustee      By Electronic Notice*

*All creditors and parties in interest per the mailing matrix appearing in ECF on 15th March 2025*

*All parties receiving electronic notice.*

*Bank of America, National Association*
*Attn.: Brian T Moynihan, CEO*
*101 N Tyron St., Ste 170*
*Charlotte, NV 28202*

*Bank of America, NA*
*c/o CT Corp. System*
*320 S Izard St.*
*Little Rock, AR 72201-2114*

*Certified Mailpiece:*
*7021 0350 0001 6622 7420*


/s/Stanley V Bond                                                                   Date:  03-17-2025

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
<u>FAYETTEVILLE</u> DIVISION

5:25-BK-70455
CHAPTER 11

IN RE:         SHINE SOLAR, LLC,         DEBTOR IN POSSESSION

<u>ORDER GRANTING MOTION TO USE CASH COLLATERAL</u>

NOW ON THIS DAY HEREINAFTER WRITTEN comes on for consideration the Debtor's Motion to Use Cash Collateral [Document 5] ("Motion"). With all facts and matters before the court, it is found and concluded as follows:

1.     That this court has jurisdiction over this core-proceeding matter, and venue is proper in this district and division pursuant to 28 USC §§157 and 1334, 11 USC §363, and Rules 4001 and 9014 FRBP apply to this motion.

2A.    The Debtor commenced its voluntary Chapter 11 case on 17th March 2025. The Debtor's case has not been dismissed or converted since that time and the Debtor remains as Debtor in Possession. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to manage and operate its business and financial affairs. No creditors' committee has been appointed in the case.

2B.    The Debtor engages in the business of residential solar panel sales, installation and servicing, and home battery sales and installation, and limited HVAC sales and installation, and related activities.

3A.    The Debtor owns certain personal property used in the operation of its business with liens in favor of Bank of America ("BOA"). In addition to the personal property, the Debtor has given BIA a lien on the Debtor's cash, accounts, and accounts receivable (collectively, the "Collateral").

3B.    The Debtor's business operations produce revenue. The revenues are property of the Bankruptcy Estate and are necessary for the operation of the Debtor's business and reorganization of its financial affairs.

4A.    The Debtor gave a Promissory Note and Security Agreement to BOA pre-petition (the "Debtor's Obligations").

4B. The revenue produced by the Debtor's operations are part of the Collateral and constitute cash collateral under the Security Agreement running between the Debtor and BOA.

4C. The Debtor's Obligations to BOA remain obligations between the Debtor and BOA and that the Debtor's Obligations have not been assigned, sold, or otherwise transferred by BOA to a third party.

5. The Motion is granted in all respects. The Debtor is authorized to continue using the cash collateral pursuant to this instant order. Such use shall remain in force and effect until the confirmation of a subsequently proposed Chapter 11 Plan of Reorganization or Plan of Liquidation or until the case is converted to a case under Chapter 7 or is dismissed.

6A. The Debtor proposes to pay Bank of America adequate protection for the use of the cash collateral under the following formula:

```
The greater of $37,000.00 or 2.4% of gross receipts for the
month prior to the month of payment.[2]
```

6B. The adequate protection payment shall commence on or before the last day in the first full month after an order is entered granting this Motion or as otherwise ordered by the court and shall continue monthly thereafter on or before the 21st day of each succeeding calendar month until the confirmation of a subsequently proposed Chapter 11 Plan, or until the case is converted to a case under chapter 7 or is dismissed.

6C. As adequate protection and in consideration for BOA's agreement to use cash collateral, BOA will have a post-petition replacement lien on the same type of collateral as described in the BOA loan and security documents that form the Debtor's Obligations, with the same priority as the pre-petition lien of BOA.

6D. As additional adequate protection, the Debtor will insure the tangible personal property Collateral, naming Bank of America as the loss payee to the extent of its secured claim.

6E. In the event of conversion of the case to a case under Chapter 7, any monies held by the Debtor on the date of conversion shall continue to be cash collateral subject to the interests of BOA as defined herein.

---

[2] The Debtor's Obligations include a variable interest rate on the principal. The rate of interest is determined by the BSBY Daily Rate plus 2.4%. The BSBY Daily Rate ceased publication in November 2024. The note with Bank of America gives no alternative rate reference. The adequate protection payment shall be a principal and interest payment, but the interest rate will be fixed at the extinct BSBY Daily Rate of 0% plus 2.4%.

7. The Debtor shall account monthly for the collection and expenditure of the cash collateral via the required monthly operating reporting pursuant to the regulations of the Office of the United States Trustee.

8. Lender is not entitled to be a custodian or trustee of the estate property and has no claim to property or right to possess or withhold the property from the estate.

9. The use of the cash collateral is in the best interest of all creditors and interested parties and the estate.

10. Because of this ongoing Chapter 11 proceeding, the Debtor is entitled to the continued and permitted use of the rents and leases, accounts and all other collateral constituting "cash collateral" as contemplated by Debtor's Obligations and within the scope of 11 USC §363 *et seq.*, such use being limited in scope, namely for the purposes of day-to-day operations, payment of utilities, payment of employees, payment of insurance premiums, payment of property taxes, administrative costs of the bankruptcy case including approved attorney and other professional fees, and other goods and services essential to the operation of the Debtor's business as reflected generally in the Projected Operational Budget the Debtor prepared.

11. The adequate protection herein ordered is adequate protection for the interests of BOA in the Collateral and the revenues generated by the operations of the Debtor's business.

12. The Debtor's use of cash collateral before the entry of this Order is approved.

13. The court finds that good and appropriate notice was given to all parties required to have received notice and that no further notice or hearing is required before the entry of this Order.

IT IS SO ORDERED.

_____
HON. BIANCA M RUCKER, US BANKRUPTCY JUDGE

DATE: _____

**APPROVAL OF COUNSEL:**

/s/_____
For Bank of America NA

/s/Stanley V Bond_____
For the Debtor