UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN RE: SHINE SOLAR, LLC                                              CASE NO. 5:25-bk-70455
   DEBTOR

BANK OF AMERICA, N.A.                                                               MOVANT

vs.                                           CMS

SHINE SOLAR, LLC                                                                RESPONDENT

### EMERGENCY OBJECTION OF BANK OF AMERICA, N.A. TO DEBTOR'S MOTION TO USE CASH COLLATERAL, AND ALTERNATIVELY, MOTION TO PROHIBIT DEBTOR'S USE OF CASH COLLATERAL, AND MOTION FOR RELIEF FROM STAY

  Bank of America, N.A. appears and for its objection to debtor's motion to use cash collateral and alternatively, motion to prohibit use of cash collateral, and motion for relief from stay, states:

  1. The Court has jurisdiction over the subject matter and parties to this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding pursuant to 28 U.S.C. § 157. The Court has the authority and power to enter a final order in this matter.

  2. Shine Solar, LLC ("Debtor") filed its petition after regular business hours on Monday, March 17, 2025.

  3. Bank of America, N.A. (the "Bank") is a secured creditor in Debtor's bankruptcy proceeding with a claim as of March 4, 2025, of not less than

3321940-v1

$5,968,035.11, exclusive of attorneys' fees and other costs and exclusive of interest accrued after March 4 at a per diem rate of $1,127.97. By letter dated March 6, 2025, the "Bank notified Debtor of its defaults and declared the entire principal balance of the note together with unpaid interest and fees immediately due and payable. Exhibit 1, notice of default and demand letter.

4. Debtor failed to request an updated payoff or make payment to the Bank.

5. The Bank has a properly perfected, first priority security interest in the debtor's assets including but not limited to all cash and cash equivalents under the loan documents and as that term is defined in 11 U.S.C.§ 363(a) ("Cash Collateral").

6. Debtor does not dispute the amount of the indebtedness owed to the Bank or that the Bank has a properly perfected, first priority security interest in the debtor's assets, including but not limited to the Cash Collateral.

7. According to Debtor's bankruptcy filings, Debtor has been and is continuing to use the Bank's Cash Collateral to prefer and pay pre-petition unsecured creditors and insiders of Debtor.

8. On March 17, 2025, along with its petition and other filings, Debtor filed a Motion to Use Cash Collateral & Notice of Opportunity to Object ("Motion"), In the Motion, Debtor states in paragraph 14 that "Debtor will use cash collateral in accord with the terms of this Motion pending further orders of the court." Doc. 5.

3321940-v1

9. The Bank notified Debtor of its objection to the Motion and to this notice of continued use of the Bank's Cash Collateral. *See* Exhibit 1. Pursuant to 11 U.S.C.§ 363 (c)(2) Debtor is prohibited from using the Cash Collateral of the Bank unless the Bank consents to the use of the Cash Collateral or the court, after notice and a hearing, authorizes such use in accordance with the provisions of the Code. The Bank has not consented to Debtor's use of Cash Collateral. Exhibit 2, letter objection to use of cash collateral.

10. Debtor has failed and refused to cease the use of the Bank's Cash Collateral. *Id.*

11. Debtor's bankruptcy filings, including the Motion, are conflicting in several respects. However, this is a Chapter 11 liquidation, not a reorganization of Debtor as there is nothing left to reorganize. There is no valid reason for Debtor to be in a Chapter 11, and this case should be in the hands of a Chapter 7 Trustee for liquidation.

12. There is no need for Debtor to use Cash Collateral and the terms proposed are unacceptable.

13. Additionally, no plan or budget for use of the Cash Collateral accompanied the Motion. On the afternoon of March 18, Debtor provided a 13 week cash flow. Although the Bank needs time to fully understand the numbers, the use of Cash Collateral appears to be unacceptable to the Bank.

14. The Bank seeks an order denying Debtor's Motion and granting the Bank's motion to prohibit the use of Cash Collateral.

3321940-v1

15. According to Debtor's schedule of assets, there was $543,839.43 of the Bank's Cash Collateral in four accounts at Arvest Bank as of the filing of the bankruptcy petition. *See* Schedule A/B: Assets, pg. 10.

16. The Bank has no ability to protect its rights in the Cash Collateral on deposit at Arvest Bank without a court order as the Debtor refuses to cease using the Bank's Cash Collateral.

17. According to Debtor's schedule of assets, there was $576,706.76 of the Bank's Cash Collateral in four accounts at the Bank. *Id.*

18. In order to preserve the status quo, the Bank initiated a "freeze" of the accounts and Cash Collateral on deposit with the Bank.

19. The Bank seeks relief from the automatic stay to take possession of the Cash Collateral on deposit at Arvest Bank.

20. The Bank seeks relief from the automatic stay to set off the Cash Collateral on deposit at the Bank.

21. The Bank seeks relief from the automatic stay to return items presented for payment on these accounts, if any, and direction as to the "stamp" placed on items presented for payment and returned to the presenter.

22. Debtor has no ability to provide adequate protection to the Bank. The proposed adequate protection payments are being made from the Bank's Cash Collateral.

3321940-v1

23. Because all of the assets are pledged to the Bank as collateral, Debtor has no ability to increase the value of assets available for distribution to unsecured creditors by using the Bank's Cash Collateral or by being in a Chapter 11 case.

24. The Bank requests that the Court schedule an immediate hearing at its earliest ability to enter an order:

- denying the Motion;
- granting the Bank's motion to prohibit use of its Cash Collateral;
- requiring Debtor to provide an accounting for all Cash Collateral received by the Debtors and not scheduled in its bankruptcy filings, and to account for the use of Cash Collateral since the petition was filed;
- requiring Debtor to stop the use of the Bank's Cash Collateral;
- requiring Debtor to turnover the Bank's Cash Collateral on deposit at Arvest Bank and wherever located for the Bank to apply the cash to the indebtedness owed the Bank;
- allowing the Bank to offset the frozen funds on deposit at the Bank and apply the cash to the indebtedness owed the Bank; and
- allowing the Bank to return items presented for deposit.

WHEREFORE, Bank of America, N.A. prays that a hearing be immediately scheduled on an expedited basis and that the Court require the Debtors to account for the use of all Cash Collateral not otherwise accounted for in the bankruptcy petition, schedules and statement of financial affairs, and since the filing of the

3321940-v1

bankruptcy petition and the commencement of the bankruptcy proceeding, that the Court prohibit the use of Cash Collateral, that relief from the automatic stay be granted, and for all other relief to which the Bank is entitled.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: jhenry@wlj.com

By: /s/ Judy S. Simmons
    Judy Simmons Henry (84069)

*Attorneys for Movant*
*Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all counsel of record and an email copy to the following:

    Stan Bond
    attybond@me.com

    Katy Worlow
    kworlow.attybond@icloud.com

                     /s/ Judy S. Henry
                     Judy Simmons Henry

WLJ

WRIGHT LINDSEY JENNINGS

200 West Capitol Avenue, Suite 2300   Little Rock, AR 72201-3699   Main 501.371.0808   Fax 501.376.9442   wlj.com

Judy Simmons Henry
ATTORNEY

Direct: 501.212.1391 | jhenry@wlj.com

March 6, 2025

<u>VIA EMAIL</u>: c/o Stanley Bond (attybond@me.com) and
<u>Katy Worlow (kworlow.attybond@icloud.com)</u>
and
<u>VIA POSTAL</u>: First Class U.S. Mail, postage prepaid as follows
<u>VIA OVERNIGHT</u>: UPS overnight delivery as follows

Nicholas Gorden, Manager
Shine Solar, LLC
5214 W. Village Parkway, Suite 100
Rogers, AR 72758-0000

   Re: Notice of Events of Default, Acceleration, and Demand for Payment

Dear Mr. Gorden, c/o Mr. Bond and Ms. Worlow:

As you are aware, our firm represents and Bank of America, N.A. (the "Bank") in connection with the Loan Agreement dated as of December 1, 2023 (as amended, restated, supplemented, or otherwise modified in writing prior to the date hereof, the "Loan Agreement"), by and between Shine Solar, LLC (the 'Borrower") and the Bank. All capitalized terms used herein but not otherwise defined herein shall have the meanings given to such terms in the Loan Agreement.

Certain events of default have occurred and are continuing under the Loan Agreement. As of December 31, 2024 and/or today, the defaults include but are not limited to the following Specified Events of Default:

- Section 7.3 – Asset Coverage Ratio: Required 1.25:1; Actual (.76):1;
- Section 7.4 – Basic Fixed Charge Coverage Ratio: Required 1.25:1; Actual (2.26):1;
- Section 7.5 – Funded Debt to EBITDA Ratio: Required 1.25:1; Actual .76:1;
- Section 7.2 (c) – Financial Information: compliance certificate not provided;

**EXHIBIT 1**

3312058-v1

WRIGHT LINDSEY JENNINGS

March 6, 2025
Page 2

- Section 7.9 (a) – Maintenance of Assets: liquidation outside the scope of Borrower's ordinary course of business; and
- Section 7.14(c) and (d) – Additional Negative Covenants: different business operations and liquidation of business and notice of intent to file bankruptcy.

Of further concern, the Borrower has notified the Bank that the Borrower has experienced significant changes in its business operations due at least in part to external conditions including but not limited to nationwide residential solar industry downturn, lack of available financing for consumers/retail purchasers of solar panels from the Borrower, and significant losses in operations. At the end of December 2024, the Borrower's financial information shows a loss of approximately $3,000,000. The Bank has been notified by Borrower's bankruptcy attorneys that the Borrower is in a liquidation mode, intends to file a chapter 11 liquidating bankruptcy, has sold a substantial volume of vehicle assets, terminated most of its workforce, and has and is gathering and storing equipment for liquidation, among other information. All of these facts demonstrate material adverse changes to the Borrower and its operations, including but not limited to the inability to repay its obligations under the Loan Agreement. *See* Section 9.9 – Material Adverse Change.

As a result of the occurrence of the Specified Events of Default and the material adverse changes, the Bank is entitled to exercise all rights and remedies available to it under the Loan Agreement, the security agreement, and the other documents delivered in connection with the Loan Agreement (collectively, the "Loan Documents").

Pursuant to the terms of the Loan Agreement, the Bank hereby (i) declares all of the Borrower's indebtedness under the Loan Documents to be immediately due and payable, and (ii) demands immediate payment in full of all indebtedness owing and payable under the Loan Documents. As of March 4, 2025, the outstanding amount of the indebtedness of the Borrower to the Bank under the Loan Documents, exclusive of reimbursable attorneys' fees and other costs of collection, was not less than $5,968,035.11, consisting of principal and accrued interest (collectively, the "Obligations"). Each day after March 4, 2025, the amount of accrued interest increases by $1,127.97 (the "Per Diem").

If the Obligations (together with the applicable Per Diem) are not paid in full within ten (10) days of the date of this letter, then the Bank will pursue the rights, powers, privileges and remedies available to it under the Loan Documents and applicable laws.

3312058-v1

WRIGHT LINDSEY JENNINGS

March 6, 2025
Page 3

The acceptance by the Bank of any further payments that do not represent timely or full payment of all amounts then due under the Loan Documents, including all accrued and unpaid interest, late fees, attorneys' fees or other reimbursable expenses, shall not constitute a waiver of any default or event of default which may exist under the Loan Documents, including without limitation the Specified Events of Default.

The Bank hereby expressly reserves any and all of the rights, powers, privileges and remedies available to it under the Loan Documents and applicable laws that have arisen or may arise as a result of the Specified Events of Default, material adverse change, or any other default or event of default (regardless of whether any such default or event of default is referenced herein). No failure to exercise or delay in exercising any other right, power, privilege or remedy shall constitute a waiver of any such right, power, privilege or remedy or preclude the Bank from exercising such right, power, privilege or remedy in the future.

This letter constitutes formal notice to the Borrower that at no time shall any prior or subsequent course of conduct by the Bank or the Borrower: (i) directly or indirectly limit, impair or otherwise adversely affect any of the Bank's rights, interests or remedies in connection with the Loan Documents; (ii) obligate the Bank to agree to, or to negotiate or consider an agreement to, any waiver of any obligation under any of the Loan Documents, any default or any event of default; or (iii) obligate the Bank to agree to, or to negotiate or consider an agreement to, any amendment to any term or condition of the Loan Documents.

Please contact me for a current payoff including reimbursable attorneys' fees, other costs of collection and accrued interest or to discuss this matter.

Sincerely,

WRIGHT, LINDSEY & JENNINGS LLP

*Judy S. Henry*

Judy Simmons Henry

3312058-v1

## Judy Simmons Henry

| | |
|---|---|
| From: | Judy Simmons Henry |
| Sent: | Tuesday, March 18, 2025 12:09 PM |
| To: | 'Stan Bond' |
| Cc: | Katy Worlow |
| Subject: | BOA: Shine Solar - BK filed - 5:25-bk-70455 - OBJECTION TO USE OF BOA's CASH COLLATERAL |

The Bank objects. Debtor is not operating; it is liquidating with the Bank's funds outside the ordinary course of business, and without any proposed plan and without any proposed budget as neither were attached to the Motion. It is incumbent upon the debtor to secure a court order before using the Bank's cash.

Please respond to the previous request:

> If the cash collateral has been further transferred [in addition to those listed in the bkr filings], please provide a list of transfers, amounts, transferee and reason for the transfer.

Stan, there is no information provided by debtor at this time with which the Bank can even discuss the use of the cash or the balance of the Motion.



Judy Simmons Henry
ATTORNEY
501.212.1391 | JHenry@wlj.com

**WRIGHT LINDSEY JENNINGS**

Wright, Lindsey & Jennings LLP
200 West Capitol Avenue, Suite 2300 | Little Rock, AR 72201
Main 501.371.0808 | Fax 501.376.9442 | wlj.com

To ensure compliance with requirements imposed by the IRS, we advise you that if any U.S. federal tax advice is contained in this communication (including any attachments) it is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. This advice may not be forwarded (other than within the organization to which it has been sent) without our express written consent.

Confidentiality Notice
This message and the accompanying documents may contain information that is privileged, confidential, or exempt from disclosure under applicable law. If the reader of this e-mail is not the intended recipient, you are hereby notified that you are strictly prohibited from reading, disseminating, distributing, or copying this communication. If you have received this e-mail in error, please notify the sender immediately and destroy the original transmission. Thank you.

**From:** Stan Bond <attybond@me.com>
**Sent:** Tuesday, March 18, 2025 11:43 AM
**To:** Judy Simmons Henry <JHenry@wlj.com>
**Cc:** Katy Worlow <kworlow.attybond@icloud.com>
**Subject:** <EXTERNAL>Re: BOA: Shine Solar - BK filed - 5:25-bk-70455 - OBJECTION TO USE OF BOA's CASH COLLATERAL
**Importance:** High

Judy,

**EXHIBIT 2**

1

The Debtor will operate and use its funds in accordance with the motion filed that you reference and within the operational budget that Katy will send you later today after a follow-up meeting with Shine management early this afternoon.

Regarding the balance of the motion outside of paragraph 9, Shine is pleased to negotiate with BOA/BANA on the terms of an agreed-upon order. Thank you.


/s/ Stanley Bond

Bond Law Office
PO Box 1893 (72702)
525 S School Ave., Ste. 100 (72701)
Fayetteville, AR
(V)479.444.0255
(F)479.235.2827
E-mail: attybond@me.com


> On Mar 18, 2025, at 11:33, Judy Simmons Henry <JHenry@wlj.com> wrote:
>
> Katy and Stan:
>
> As you are aware, our firm represents Bank of America, N.A. in connection with the loan of Shine Solar, and now in connection with Shine Solar's bankruptcy case. Please be advised that the Bank generally and specifically objects to the attached motion to use cash collateral ("Motion"). Specifically, the Bank does not agree to the paragraph 9 notice in the Motion that debtor plans to use the Bank's cash collateral, wherever the collateral is located, deposited, collected, in the hands of, etc. and in whatever form the cash exists, unless and until debtor secures a bankruptcy court order authorizing the use of the Bank's cash collateral with detailed parameters of allowed expenditures. The Bank will file a formal objection to the use of its cash collateral but barring entry of an order, debtor is not entitled to use the Bank's cash collateral.
>
> **Please confirm that debtor has not and will not use the Bank's cash collateral until it has secured a court order as outlined herein.** If the cash collateral has been further transferred, please provide a list of transfers, amounts, transferee and reason for the transfer.
>
> The Bank reserves all further rights and does not waive any of them.
>
> **WRIGHT LINDSEY JENNINGS**
>
> Judy Simmons Henry
> ATTORNEY
> 501.212.1391 | JHenry@wlj.com
>
> Wright, Lindsey & Jennings LLP
> 200 West Capitol Avenue, Suite 2300 | Little Rock, AR 72201
> Main 501.371.0808 | Fax 501.376.9442 | wlj.com

To ensure compliance with requirements imposed by the IRS, we advise you that if any U.S. federal tax advice is contained in this communication (including any attachments) it is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. This advice may not be forwarded (other than within the organization to which it has been sent) without our express written consent.

2

Confidentiality Notice
This message and the accompanying documents may contain information that is privileged, confidential, or exempt from disclosure under applicable law. If the reader of this e-mail is not the intended recipient, you are hereby notified that you are strictly prohibited from reading, disseminating, distributing, or copying this communication. If you have received this e-mail in error, please notify the sender immediately and destroy the original transmission. Thank you.

**From:** kworlow.attybond@icloud.com <kworlow.attybond@icloud.com>
**Sent:** Monday, March 17, 2025 5:31 PM
**To:** Judy Simmons Henry <JHenry@wlj.com>
**Cc:** Katy Worlow <kworlow.attybond@icloud.com>; Stan Bond <attybond@me.com>
**Subject:** <EXTERNAL>Shine Solar - BK filed - 5:25-bk-70455

Good afternoon, Judy.

Shine is now filed - a courtesy copy of the petition, schedules, and first-day motions is attached.

Regards,
Katy
**Kathryn Worlow**
*Associate Counsel,* Bond Law Office
525 S. School Ave., Ste. 100 (72701)
Fayetteville, AR
Office: 479.444.0255
Direct: 479.412.4045
Fax: 479.235.2827
E-mail: kworlow.attybond@icloud.com

<20250317-005 MTUCC.pdf>

3