**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | |
|---|---|
| **IN RE: SHINE SOLAR, LLC,** | **CASE NO.   5:25-bk-70455R** |
| **DEBTOR** | **CHAPTER 7** |

### MOTION FOR AUTHORITY TO SELL INTELLECTUAL PROPERTY AT PRIVATE SALE AND NOTICE OF OPPORTUNITY TO OBJECT

Comes now J. Brian Ferguson, the Chapter 7 Trustee in the above-referenced bankruptcy case, and for his Motion for Authority to Sell Intellectual Property at Private Sale and Notice of Opportunity to object (hereinafter the "Sale Motion"), respectfully represents:

1. A voluntary Chapter 11 petition for relief was filed on behalf of the Debtor on March 17, 2025, and this matter was subsequently converted to a Chapter 7 proceeding on April 9, 2025.

2. J. Brian Ferguson (herein after the "Trustee") is the duly appointed, acting, and authorized Chapter 7 Trustee for the instant case, having been appointed on April 9, 2025, and so served since that date.

3. On the Debtor's Schedule A/B (DE #1) at entry 63, the Debtor listed ownership in property described as "Database of Past Clients… with recordings of prior sales calls Stored remotely … through Luminary Software" and "Database of 466,000 customer "leads" for potential future installs/sales" (hereinafter the Customer List).

4. In the course of his investigation of the Debtor's financial affairs, the Trustee developed the belief that the Customer List constitutes unencumbered intellectual property of the Estate.

5. Bank of America, N.A. (hereinafter "BOA") may claim or assert a security interest in the Customer List, or the proceeds of the sale of some or all of the Customer List at issue, however, the Trustee disputes that BOA has a perfected security interest in the Customer List which is the subject of the instant Sale Motion.

6. To the best of Trustee's knowledge, information, and belief, no person or entity claiming a

In re: Shine Solar, LLC;
U.S.B.C. Case No. 5:25-bk-70455R
Motion to Sell Intellectual Property
Page 2

security interest in the intellectual property contained in the Customer List has recorded a valid UCC-1 Financing Statement explicitly designating the intellectual property compromising the Customer List as collateral for any indebtedness.

7. The Trustee believes, and therefore asserts, that the Customer List is unencumbered, non-exempt property of the Estate that the Trustee may sell pursuant to 11 U.S.C. §363 and, further, that an expeditious sale of the Customer List is both proper and necessary for the efficient administration of the Estate.

8. The Trustee believes, and therefore asserts, that the sale of the Customer List at a private sale to an entity engaged in business similar to the business operated by the Debtor will enable the Trustee to realize the greatest benefit to the Estate.

9. There are no creditors, including BOA, that will be prejudiced by the sale of the Customer List herein proposed, as the Trustee, at this time, seeks only the authority to sell the Customer List in a commercially reasonable manner and hold the proceeds of the sale pending further Orders of this Court, which will afford any party claiming a security interest in any of the property comprising the Customer List to seek and obtain an adjudication of the nature, extent, priority, and value of any claimed security interest before any of the sale proceeds are disbursed.

10. The Trustee has received an offer from Arrowhead Solar, LLC, PO Box 911630, St. George, UT 84791 (hereinafter "Arrowhead") to purchase the intellectual property comprising the Customer List for a purchase price of $17,000.00, with no contingencies.

11. The Trustee has accepted Arrowhead's offer subject to this Court's approval, believing that, due to the unique nature of the Customer List and the fact that the Customer List would only be of value to an entity engaged in a business similar to that of the Debtor, the bankruptcy estate will net more from the sale herein proposed than if the Trustee were to engage an auctioneer or sales agent to hold a public auction or to solicit offers through an advertisement and a bidding process, arrange and conduct a sale of the

In re: Shine Solar, LLC;
U.S.B.C. Case No. 5:25-bk-70455R
Motion to Sell Intellectual Property
Page 3

Customer List, and pay the costs and expenses of such a sale, including the commission and expenses of the auctioneer or sales agent.

12. In his business judgment, the Trustee believes that the proposed sale is in the best interests of the Estate and creditors, generally, and is more likely than not to provide a meaningful distribution to creditors.

13. The Trustee hereby moves for authority to sell all of the intellectual property comprising the Customer List, at private sale, to Arrowhead for the sum of $17,000.00 with any valid liens to attach to the proceeds of the sale, after separate determination by this Honorable Court of the extent, validity, and priority to such claimed lien or interest.

14. In the event that this Sale Motion is granted, the Trustee, also, requests that the fourteen (14) day stay, pursuant to B. R. 6004(h), be waived.

15. In the event that this Sale Motion is granted the Trustee, further, requests that the Debtor and its authorized officers, agents, and representatives, as well as Luminary Software and its authorized officers, agents, and representatives be authorized and directed to cooperate with the sale herein proposed and to execute any and all documents necessary and, or, take any other reasonable actions necessary to effectuate the sale and transfer of the Customer List to Arrowhead.

16. The sale of the Customer List is to be as-is with no warranties or representations of any kind, except as herein described.

**17. TO ALL CREDITORS AND PARTIES IN INTEREST: YOU ARE HEREBY NOTIFIED THAT YOU HAVE TWENTY-ONE (21) DAYS FROM THE DATE OF THIS NOTICE WITHIN WHICH TO FILE OBJECTIONS TO THE MOTION TO SELL INTELLECTUAL PROPERTY AT PRIVATE SALE HEREIN DESCRIBED. ANY OBJECTIONS MUST BE FILED ELECTRONICALLY WITH THE UNITED STATES BANKRUPTCY COURT, UNLESS THE FILING PARTY IS WITHOUT LEGAL REPRESENTATION. OBJECTIONS FILED BY PARTIES WITHOUT LEGAL REPRESENTATION MUST BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT, 35 E. MOUNTAIN STREET, ROOM 316, FAYETTEVILLE, AR 72701. A COPY OF THE OBJECTION SHOULD ALSO BE SERVED UPON THE TRUSTEE, J. BRIAN FERGUSON, 3333 PINNACLE HILLS PKWY, SUITE 410, ROGERS, AR 72758, AND COUNSEL FOR THE DEBTOR. ANY OBJECTION NOT**

**TIMELY FILED AND SERVED MAY BE DEEMED WAIVED. IF NO OBJECTIONS ARE FILED WITHIN TWENTY-ONE (21) DAYS OF THE DATE OF THIS NOTICE, THE COURT MAY ENTER AND ORDER GRANTING THE SALE MOTION WITHOUT FURTHER NOTICE OR HEARING. IF OBJECTIONS ARE TIMELY FILED, THE COURT WILL SET A HEARING BY SUBSEQUENT NOTICE TO CONSIDER ANY SUCH OBJECTION(S).**

WHEREFORE, the Trustee prays for an Order authorizing the sale of the Customer List free and clear of liens and encumbrances as herein described; waiving the fourteen day stay pursuant to B.R. 6004; and awarding to the Trustee all other just and proper relief to which he may be entitled.

Dated: August 13, 2025.

Respectfully submitted,

/s/ J. Brian Ferguson
J. Brian Ferguson, Trustee
Ferguson Law Firm, PLLC
3333 Pinnacle Hills Pkwy, Suite 410
Rogers, AR 72758
(479) 464-4418 (Telephone)
brian@ozarkfunds.com